The order below is hereby signed.

Signed: August 7 2026



_Elizabeth L. Gunn_
_U.S. Bankruptcy Judge_

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

**In re:**                                                **Case No. 25-00212-ELG**

    **Steven G. McLendon,**                              **Chapter 13**
        **Debtor.**

**ORDER DENYING MOTION**
**DIRECTING CHAPTER 13 TRUSTEE TO PAY COUNSEL FEES**

This matter arises out of what is otherwise a typical chapter 13 case dismissed prior to confirmation of a chapter 13 plan. Many chapter 13 debtors are unable to confirm a chapter 13 plan despite their and/or counsel's best efforts and good faith. Such was the fate of the debtor in this case. It is also not uncommon for a debtor who was previously unsuccessful in a chapter 13 case to file another case in an attempt to cure previous deficiencies. The debtor (the "Debtor") in this case chose to do that very thing, initiating case 26-00198-ELG (the "New Case"). Perhaps less common is the fact that the Debtor did not wait days or weeks to file the New Case but filed it on the same date and within hours of entry of the order of dismissal in this case. This case actually represents the third case for the Debtor, the second having been filed five days after dismissal of the first case, 24-00157-ELG. What makes this case unusual (besides the immediate filing of the New Case within hours of its dismissal) is the _Motion Directing Chapter 13 Trustee to Pay Counsel_

*Fees* (the "Fee Request") (ECF No. 61) filed on April 21, 2026, the day *after* commencement of the New Case. The Fee Request seeks entry of an order authorizing the chapter 13 trustee (the "Trustee") to release funds held at dismissal to counsel for payment towards services rendered in this case by counsel. For clarity, the same counsel ("Counsel") has represented the Debtor in all of his cases, including in this case and the New Case.

On May 20, 2026, upon review of the Fee Request, the Court entered an *Order Establishing Deadlines and Setting Hearing* (the "Fee Order") (ECF No. 66) on the Fee Request. Specifically, the Fee Order required Counsel to address "why his representation of the Debtor in Case No. 26-00198-ELG is not a conflict of interest and/or his application in this case is not attempt to collect on a prepetition debt in violation of the automatic stay in Case No. 26-00198-ELG." ECF No. 66, at 2. Following entry of the Fee Order, Counsel filed a *Response Justifying Attorney's Fees* (ECF No. 70) and a *Supplemental Statement* (the ECF No. 72) (collectively, the "Responses"). The Responses indicate that the Debtor supports Counsel's request for payment of fees from the funds held by the Trustee.

On June 11, 2026, the Court held a hearing (the "Hearing") at which Counsel and counsel for the Trustee appeared. During the Hearing, Counsel indicated that upon consultation with the Trustee's office, he requested the Debtor execute an irrevocable assignment (the "Assignment") (ECF No. 70-2) of payment of the funds held by the Trustee at the time of dismissal. The Assignment was filed with the Court as an exhibit to the Responses but notably is not dated, and it appears that it was both requested and signed *after* the entry of the Fee Order (and thus, the filing of the New Case).[1] Because the Assignment was executed at least one month after the Debtor's

---

[1] The Court commends Counsel's candor with the respect to the Assignment and makes no findings as to the enforceability of a valid assignment or other security interest executed by a debtor.

commencement of the New Case it is void and the Court cannot and will not rely upon the same as evidence of a valid assignment of fees.

Counsel points to opinion in *In re Brandon* from the United States Bankruptcy Court for the District of Maryland in support of the Fee Request. 537 B.R. 231 (Bankr. D. Md. 2015). *Brandon* was one of the first opinions issued after the Supreme Court decision in *Harris v. Viegelan* that considered the ability of bankruptcy courts to approve allowance and payment of chapter 13 attorneys' fees in a case that is either converted to chapter 7 or dismissed after confirmation of a chapter 13 plan. 575 U.S. 510 (2015). *Brandon* addressed two issues *not* decided by *Harris* — whether postpetition wages of a debtor held by a chapter 13 trustee may be used to pay the balance of the fee owed to debtor's counsel when the case was either dismissed or converted *prior* to plan confirmation. Upon review of § 503(b)(2) and § 330(a)(4)(B), *Brandon* found that the Bankruptcy Code required a chapter 13 trustee to return funds to the debtor only after payment of allowed fees for the debtor's attorney.[2] 537 B.R. at 235–36.

*Brandon* also addressed the question of the impact of a debtor's assignment of a right to payment by the chapter 13 trustee upon dismissal or conversion. Upon a review of Maryland assignment law, *Brandon* found that a *prepetition* assignment of the debtor's interest in funds held by a chapter 13 trustee to the extent counsel's fees remained unpaid at dismissal or conversion is an independent basis upon which the court could approve payment of unpaid counsel fees by a chapter 13 trustee to debtor's counsel. *Id.* at 237–38. This Court (Teel, J.) previously declined to follow *Brandon* in the context of a chapter 13 case converted to chapter 7. *In re Brown*, 2019 Bankr. LEXIS 36, Case No. 18-00198 (Bankr. D.D.C. Jan. 5, 2019). However, for cases dismissed prior to confirmation, this Court agreed with the *Brandon* reasoning and authorized the chapter 13

---

[2] Unless specifically indicated otherwise, all section references are to Title 11 of the United States Code (the "Bankruptcy Code").

trustee to pay allowed administrative claims (including approved attorneys' fees) prior to returning any remaining funds to the debtor. *In re Taiwo*, 2021 Bankr. LEXIS 523, Case No. 20-00157-ELG, *7–10 (Mar. 4, 2021).

In both *Brandon* and *Taiwo* (and, notably, in the Debtor's first case), the applications for compensation were filed post-dismissal with no other open case pending as of filing. That is not the situation in this case. The Fee Request was filed almost 24 hours *after* the New Case was filed. The existence of a pending, open case under the Bankruptcy Code at the time of filing a fee application in a previously dismissed case materially and significantly changes the analysis. The commencement of a case under the Bankruptcy Code creates an estate comprised of all the property described in § 541(a), wherever located and by whomever held, subject to the exclusions therefrom under § 541(b). Prepetition wages held by a chapter 13 trustee from a previously dismissed case do not fall under any of the enumerated exclusions from property of the estate. Thus, the funds on hand with the Trustee as of the dismissal of this case became property of the Debtor's estate in the New Case. As a result, the Court cannot order disbursement in this case to Counsel, and the request for disbursement of any further fees necessarily must be denied. Finally, because the Assignment was executed postpetition in the New Case and is void, the Court does not reach the question of whether a valid prepetition assignment would result in a different outcome.

Counsel elected compensation in this case pursuant to the Court's presumptively reasonable fee set forth in Local Bankruptcy Rule 2016-2(a)(2)(C). However, because no plan was confirmed, the Court never entered an order approving any amount of compensation for Counsel. As is its standard practice, upon dismissal of this case, the Court retained jurisdiction, pursuant to Local Bankruptcy Rule 2016-2(d), to approve requested compensation in amount and whether

such approved professional fees should be treated as an administrative expense under § 503(b). The *Disclosure of Compensation of Attorney for the Debtor* (ECF No. 1) reflects that Counsel received $1,986 from the Debtor prepetition. Based upon the circumstances of this case, and finding that the Responses establish actual, necessary services rendered by Counsel to the Debtor with a value of at least $1,986, the Court approves Counsel's fees in the amount of $1,986, the amount of his prepetition retainer in this case. The balance of the Fee Request is denied for the reasons set forth herein.

Therefore, upon consideration of the Motion, Responses, and argument at the Hearing, it is **ORDERED**, **ADJUDGED**, and **DECREED** that:

1)      The Motion (ECF No. 61) is **DENIED.**

2)      The Trustee shall return any funds on hand to the Debtor.

3)      Counsel is awarded compensation in the amount of $1,986 for services rendered in this case under § 330.[3]

[Signed and dated above.]

Copies to: Debtor, parties who receive electronic notice.

---

[3] The Court remains troubled by Counsel's failure to disclose his outstanding contingent claim for fees from the Debtor at the time of filing the New Case. To the extent that Counsel's fees in the instant case have been approved only in the reduced amount of his prepetition retainer of $1,986, the Court is satisfied that Counsel may continue to represent the Debtor in the New Case.